UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SAY SULIN KEODARA, | CASE NO. 2:20-cv-01438-RJB |
| Petitioner, | ORDER ADOPTING REPORT AND RECOMMENDATION |
| v. | |
| JERI BOE, | |
| Respondent. | |

This matter comes before the Court on the Report and Recommendation of the Honorable S. Kate Vaughan, United States Magistrate Judge. Dkt. 25. Petitioner Say Sulin Keodara, a state prisoner currently confined at Clallam Bay Corrections Center in Clallam Bay, Washington, seeks habeas relief under 28 U.S.C. § 2254 from a 2016 judgment and sentence issued by the King County Superior Court. The Report and Recommendation recommends denying Mr. Keodara's Petition for Relief, request for an evidentiary hearing, and motion to expand or supplement the record. *Id.* It also recommends denial of a certificate of appealability. *Id.* The

ORDER ADOPTING REPORT AND RECOMMENDATION - 1

Court has reviewed the Report and Recommendation, Petitioner's objections (Dkt. 30), and the remaining record.

For the reasons set forth in this order, the Report and Recommendation should be adopted, and this case should be dismissed with prejudice and without a certificate of appealability.

### I. BACKGROUND

The Court adopt the factual and procedural history from the Report and Recommendation. *See* Dkt. 25 at 2–3. In the interest of readability, the Court notes the following facts, all of which are in the Report and Recommendation unless otherwise noted.

On September 12, 2011, four people were shot at a bus stop on Rainier Avenue South and South McClellan Street in Seattle. One died after being shot in the head. Petitioner was arrested for an unrelated incident about five weeks later, and he was later charged with the shooting.

At trial, Nathan Smallbeck testified that Petitioner called him "around September 12th" and said he had "just shot at a bus station." Dkt. 17-3 at 133–34. He testified that Petitioner called him at around 3:18 a.m., and that he called Petitioner later that day, at around 11:00 a.m., to see how he was doing. The State presented evidence from telephone records that Petitioner's phone sent Mr. Smallbeck's phone a text message, not a phone call, at 3:17 a.m. on September 12, Petitioner's phone called Smallbeck's phone at 11:08 a.m. on September 13, and Smallbeck's phone called Petitioner's phone at 7:42 p.m. on September 13. *See* Dkt. 17-3, Ex. 37, at 280–84, 369–72, 433–35.

Petitioner was charged with and convicted of one count of first-degree murder and three counts of first-degree assault, and he is currently service a 40-year prison sentence. Dkt. 17

Petitioner raises one question before the Court: "Did the state[']s use of false material testimony violate Mr. Keodara[']s right to due process under the 14th Amendment of the U.S. Const.?" Dkt. 7 at 5. The Report and Recommendation concludes that the Petitioner fails to meet the standard for habeas relief under 28 U.S.C. § 2254(d). Dkt. 25. Petitioner filed objections to the Report and Recommendation, and this order discusses those objections and the reasons that the Report and Recommendation should be adopted.

## II.    DISCUSSION

Petitioner argues that the Report and Recommendation does not properly consider his claim under *Napue v. Illinois*, 360 U.S. 264 (1959). Dkt. 30. Under *Napue*, use of false testimony violates a person's right to due process if "(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known the testimony was actually false, and (3) the false testimony was material." *Jackson v. Brown*, 513 F.3d 1057, 1071–71 (2008).

He challenges testimony given by Mr. Smallbeck and statements made by the prosecutor in closing argument. He also argues that he should be given an evidentiary hearing and be permitted to supplement the record before the Court.

### 1. Use of Mr. Smallbeck's Testimony

It is undisputed that Mr. Smallbeck's testimony about the timing and duration of his phone calls with Petitioner were not identical to phone records showing communications between their phones. The prosecutor, however, informed the jury about the discrepancies, and her decision to offer Mr. Smallbeck's testimony did not violate Petitioner's right to due process.

As stated in the Report and Recommendation, "a conviction obtained by knowing use of perjured testimony is fundamentally unfair, and must be set aside if there is any reasonable likelihood that false testimony could have affected the judgment." *U.S. v. Agurs*, 427 U.S. 97,

103 (1975) (footnotes omitted).  If there is a reasonable likelihood that false testimony could have affected the judgment of the jury, then it is "material" under *Napue*.  *See Gentry v. Sinclair*, 705 F.3d 884, 903 (9th Cir. 2013).

Discrepancies between Mr. Smallbeck's testimony and the telephone records cannot reasonably be said to have affected the judgment of the jury because the jury was fully informed about them.  The prosecutor submitted the telephone records and discussed the ways in which they did not align with Mr. Smallbeck's testimony.

In contrast, there is a due process violation if the state misleads or lies to the jury about material information.  For example, if the state falsely represents that it has not made a deal with a witness in exchange for testimony, *Jackson v. Brown*, 513 F.3d 1057, 1075 (9th Cir. 2008); *Hayes v. Brown*, 399 F.3d 972, 978 (9th Cir. 2005), or represents a witness's relationship with the defendant as being "nothing more than a casual friendship" when the state knows or should know that they had a long-standing sexual relationship, *Alcorta v. Texas*, 355 U.S. 28, 31 (1957).  In these situations, the prosecutor denied the jury access to important information that could influence its decision about witness credibility.

In this case, the prosecutor presented the jury with information about testimonial discrepancies, and it was for the jury to use that and other information to make a judgment about Mr. Smallbeck's credibility.

Petitioner really argues that the prosecutor should have seen discrepancies and other alleged irregularities in Mr. Smallbeck's testimony and decided that Smallbeck should not have been allowed testified; that he gave false testimony about some things, so he must have been

lying in his testimony about the confession.[1] *See* Dkt. 30 5–6. As the state appellate court found, this is a credibility decision for the jury to make based on the information presented, not a due process issue. *See State v. Keodata,* Case No. 70518-1-I, Dkt. 17-1 at 32 (Wash. Ct. App. 2015). "Credibility determinations are for the trier of fact and cannot be reviewed on appeal." *State v. Camarillo*, 115 Wn.2d 60, 71 (1990); *United States v. Zuno-Arce*, 44 F.3d 1420, 1423 (9th Cir. 1995).[2]

Petitioner does not demonstrate that the prosecution knowingly offered false, material testimony to the jury by offering Mr. Smallbeck's testimony.

2. Prosecutor's Closing Argument

Petitioner argues that the prosecutor "misrepresented" Mr. Smallbeck's testimony in closing argument and the Report and Recommendation failed to consider three such examples.

The first statement Petitioner challenges from closing argument is: "Mr. Smallbeck says later, after he gets that first call, he later got another call day – the day later on the 13th. And it's a little over a three minute call just as Nathaniel Smallbeck testified, and its from the defendant to him." Dkt. 17-3 at 558.

---

[1] Petitioner gives examples of alleged irregularities in his objections, for example that Smallbeck testified that "only 'lil bro'" was with Petitioner at the shooting despite evidence showing three people present. Dkt. 30 at 5. There are multiple problems with these examples, one being that this example mischaracterizes Smallbeck's testimony. Smallbeck testified that Petitioner said "lil bro" was with him, but he did not testify to whether Petitioner said anyone else was present. More fundamentally, these examples are not "actually false" because they relate to what Petitioner allegedly said. Petitioner could have said he was with only one other person when he was actually with two people.

[2] Petitioner differentiates the court's discussion about cross-examination in *Zuno-Acre*, 44 F.3d at 1423, from his attorney's cross-examination of Mr. Smallbeck. Dkt. 30 at 7. This argument is not availing because the discussion about cross-examination in *Zuno-Acre* is an illustrative example that material information about the witness's credibility was not improperly withheld from the jury. Furthermore, defense counsel cross-examines state witnesses. Petitioner's only pending claim is of prosecutorial misconduct; he does not bring a claim of ineffective assistance of counsel.

This is a confusing statement, as sometimes happens when speaking aloud, but it appears to mischaracterize the alignment of Mr. Smallbeck's testimony with the telephone records. *See* Dkt. 25 at 8–9.

Immediately following that statement, is the second statement Petitioner challenges, "Mr. Smallbeck testified that later that same day, after the eleven o'clock call, he talked to him again. He called the defendant to see if he was ok and there is indeed a call later that day, 7:42 that's about 98 seconds." Dkt. 17-3 at 558.

The first sentence also mischaracterizes Mr. Smallbeck's testimony because it indicates that Mr. Smallbeck testified to calling Petitioner after their 11:00 a.m. call, which aligns with phone records showing a call from Smallbeck's phone to Petitioner's phone at 7:42 p.m. Mr. Smallbeck actually testified to receiving a call from Petitioner at around 3:00 a.m. and calling Petitioner at around 11:00 a.m. *See* Dkt. 17-3 at 137.

Nonetheless, and as discussed in the Report and Recommendation, the prosecutor directly acknowledged and discussed the discrepancies between Mr. Smallbeck's testimony and the telephone records. Dkt. 25 at 12. These alleged misstatements are more confusing than misleading, and they do not demonstrate a reasonably likelihood that the jury was misinformed about the alignment of Mr. Smallbeck's testimony with the phone records when considered with the record as a whole.

The third statement Petitioner references in his objections raises a different issue. *See* Dkt. 30 at 3–4. The prosecutor states, "[Smallbeck] was telling the truth because this defendant committed this murder and committed these assaults." Dkt. 17-3 at 578. As discussed in the Report and Recommendation, this appears to be a claim of "improper vouching" of the witness's credibility or improper opining on the Defendant's guilt. Dkt. 25 at 13, n.4. To the extent that

Petitioner intends to bring such a claim, the Court declines to address it because it was not properly presented in his Petition.

In sum, Petitioner does not demonstrate that the prosecutor knowingly offered materially false testimony. Therefore, Petitioner fails to show that the state's rejection of his false testimony claim was objectively unreasonable, and he is not entitled to habeas relief.

    3.  <u>Requests for Evidentiary Hearing and to Supplement the Record</u>

Petitioner objects to the recommendation that he be denied an evidentiary hearing and the opportunity to supplement the record. Dkt. 30 at 11.

To decide whether to grant an evidentiary hearing, federal district courts must consider whether an evidentiary hearing would enable a petitioner to prove that the "state court's adjudication of a claim 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined the by the Supreme Court of the United States,' or the relevant state-court decision 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (internal citations omitted). The materials the court may review to make that decision are limited to the record before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Based on the record before the state court, Petitioner fails to show that he would be able to prove his claim. He argues that an evidentiary hearing would permit information gathering that might show the prosecutor knew or should have known about false testimony. Dkt. 30 at 10. Section 2254(d) does not permit that type of discovery. The question before the Court is whether the state acted unreasonably *based on the record before it*. Petitioner does not meet that standard, and his request for an evidentiary hearing should be denied.

The decision about whether to grant a request to supplement the record is governed by the same standard governing requests for evidentiary hearings. *Runningeale v. Ryan*, 686 F.3d 758, 773–74 (9th Cir. 2012) ("Regardless of whether Runningeagle acted diligently, however, or of whether the was entitled to a hearing in state court, he is not entitled to an evidentiary hearing or additional discovery in federal court because . . . review of such claims 'is limited to the record that was before the state court that adjudicated the claim on the merits.'") (quoting *Pinholster*, 563 U.S. 181).

Petitioner's request to supplement the record should be denied for the same reason his request for an evidentiary hearing should be denied, which is that he fails to demonstrate that the state acted unreasonably based on the record before it.

4. <u>Certificate of Appealability</u>

As discussed in the Report and Recommendation, a federal district court may only issue a certificate of appealability when a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

For the reasons discussed in this order and in the Report and Recommendation, Petitioner does not make such a showing. A certificate of appealability should be denied.

### III.  ORDER

Therefore, it is hereby ORDERED that:

- The Court ADOPTS the Report and Recommendation (Dkt. 25);

- Petitioner's petition for writ of habeas corpus (Dkt. 7) is DENIED without an evidentiary hearing, Petitioner's motion to expand or supplement the record (Dkt. 22) is DENIED, and this action is DISMISSED with prejudice;
- A certificate of appealability is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 27th day of January, 2022.

*[signature]*

ROBERT J. BRYAN
United States District Judge